# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Laverne Hearne,** | ) | |
| Plaintiff, | ) | Case No: 15 C 3513 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| **Edward V. Jones,** | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the government's motion to dismiss [7] is granted. Civil case terminated.

## STATEMENT

On March 20, 2015, Laverne Hearne filed a verified petition for a "stalking no contact" order in the Circuit Court of Lake County against Edward D. Jones. In the petition, Hearne indicated that she was requesting the "stalking no contact order" in part because on March 19, 2015, Jones:

> . . . was at my cubi[c]le and was repeated[ly] instructed to not have contact with me because he has in the past mentally [and] verbally abused me. But he's been protected always by management till yesterday. I asked Mr. Jones to leave my area as he was making me uncomfortable. [H]e said I may intimidate women but not him. I don't know where this came from [and] I was getting scared cause he would not leave.

(Not. Removal, Dkt. # 2-1, PageID # 12.) The petition included a request that Jones not come near Hearne's place of employment. The government removed the case pursuant to 28 U.S.C. § 1442(a), which provides for the removal to the United States District Court of any "civil action . . . that is commenced in a State court and that is against or directed to . . . any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).

The government's notice of removal states that:

> On March 20, 2015, Department of Defense Health Agency (DHA) employee Laverne Hearne commenced an action in the Circuit Court of Lake County seeking an order of protection against another federal DHA employee, Edward V. Jones, that would require, among other things, that Jones not come within [500] feet of Hearne's federal place of employment and that he have no contact with her by any means.

> Hearne and Jones work for the same federal agency in the same federal building. The agency has already taken steps to address their workplace concerns.
> . . .
> This notice of removal is filed in accordance with 28 U.S.C. § 1442(a) in that Edward V. Jones is sued, at least in part, in his official capacity as an officer of the United States or an agency thereof for or relating to acts under color of such office. (The United States does not represent Edward V. Jones in his individual capacity for acts unrelated to his federal employment.)

(Not. Removal, Dkt. # 2, ¶¶ 1, 2.) "It is well established that the primary purpose of § 1442(a) is to permit the removal of cases where federal officers are threatened with personal civil liability or criminal liability because of actions taken in pursuance of their federal duties." *Sheda v. U.S. Dep't of the Treasury Bureau of Pub. Debt*, 196 F. Supp. 2d 743, 745 (N.D. Ill. 2002) (citation and internal quotation marks omitted). Here, if the state court were to grant Hearne's petition for a "stalking no contact" order that includes a directive precluding Jones from coming within 500 feet of Hearne's place of employment, Jones could be threatened with criminal liability for appearing, in his official capacity, at his job at the DHA. The "'under color of office' component [in § 1442] encompasses an additional requirement – defendants must have a colorable federal defense to the plaintiff's action." *Mesa v. California*, 489 U.S. 121, 132 (1989) (citation omitted). The government asserts the defense of sovereign immunity. "An official capacity suit is the same as a suit against the entity of which the officer is an agent," *DeGenova v. Sheriff of DuPage Cnty.*, 209 F.3d 973, 975 (7th Cir. 2000), and "[i]t is axiomatic that the United States as sovereign cannot be sued without its consent." *Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002). Therefore, the Court finds that removal under § 1442(a) is proper.

In its motion to dismiss, the government contends that because the state court did not have jurisdiction over the action based on sovereign immunity, then under the doctrine of derivative jurisdiction, this Court also does not have jurisdiction over the case. "Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Further, "[t]he jurisdiction of the federal court upon removal, pursuant to 28 U.S.C. § 1442, is essentially derivative of that of the state court." *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) ("[I]if the state court lacks the jurisdiction to enforce the subpoenas, the district court will be in no better position than the state court in enforcing the subpoenas once the case is removed to federal court"). Thus, because the state court did not have jurisdiction to order Jones not to come within 500 feet of the DHA (*i.e.*, not appear at work), then this Court lacks jurisdiction as well.

In her response to the government's motion to dismiss (which she entitled a "Motion to Not Dismiss Case"), Hearne states that while "[f]ederal employees can't have an order of protection on federal grounds against each other," "the agency should be held accountable for not providing me a non-hostile work environment." (Mot. Not Dismiss Case, Dkt. # 14, at 1.) But Hearne's suit removed from state court only sought a "stalking no contact" order against Jones and did not allege any discrimination claims against DHA. Hearne's attempt to amend the complaint in her response to the motion to dismiss is rejected. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th

Cir. 2012) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (alteration, citation and internal quotation marks omitted).

Moreover, the exclusive remedy for claims of discrimination against federal employees is § 717 of the Civil Rights Act of 1964, as amended, which provides for the filing of a claim, after exhaustion, in federal district court, not state court. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829-32 (1976); 42 U.S.C. §§ 2000e-16(a), (c). Therefore, even assuming that Hearne's petition had stated a claim for discrimination against the DHA, the state court did not have jurisdiction, and thus, under the doctrine of derivative jurisdiction, neither does this Court.

Finally, Hearne's mention of the No FEAR Act, 5 U.S.C. § 2301, is unavailing as the Act does not create a private right of action. *Mallard v. Brennan*, No. 1:14-cv-00342-JAW, 2015 WL 2092545, at *9 (D. Me. May 5, 2015) ("The cases the Court has found uniformly conclude that the NO FEAR Act does not create any private cause of action or substantive rights.").

For the reasons stated above, the government's motion to dismiss [7] is granted. Civil case terminated.

**Date**: June 18, 2015

**Ronald A. Guzmán**
**United States District Judge**